James E. HUNT

v.

The PENNSYLVANIA RAILROAD COMPANY.

Civ. A. No. 33646.

United States District Court
E. D. Pennsylvania.

Dec. 20, 1966.
On Motion for Reargument
Jan. 5, 1967.

Kenneth Syken, of Richter, Lord & Cavanaugh, Philadelphia, Pa., for plaintiff.

Stanley S. Frazee, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM SUR MOTION TO STRIKE PLAINTIFF'S AMENDED PRE-TRIAL MEMORANDUM (Document 13½)

VAN DUSEN, District Judge.

Notice that the pre-trial conference in this case would be held on September 28, 1966, was mailed to counsel on August 25, 1966, as shown by the attached letter of that date. At the pre-trial conference, no mention was made by plaintiff's counsel of any desire to have his pre-trial memorandum amended to add the names of any additional witnesses. On October 12, 1966, plaintiff filed the Amended Pre-Trial Memorandum (Document 13), which is the subject of this Motion to Strike (Document 13½) filed October 19, 1966.

The Standing Order of this court governing pre-trial procedure (pp. 5 ff. of Appendix to Rules) provides as follows:

"2. Within the period from the date of the published pre-trial list and the date of the actual pre-trial, counsel for all parties shall complete discovery. In personal injury cases, if an examination or re-examination of the injured party is necessary, such examination or re-examination shall be held and the written report of same shall be given to all counsel of record prior to the date of pre-trial. No further discovery (including medical examinations by defendants) will be permitted after the pre-trial except by permission of the Court to prevent manifest injustice. * * *

"3. * * * Plaintiff's pre-trial memorandum shall contain the following:

* * * * * *

C. The names and addresses of all witnesses (except rebuttal) whom the plaintiff expects to call to testify at the time of trial. * * * "

Plaintiff's pre-trial memorandum (Document 9) lists 15 doctors (including specialists in the field of orthopedics and neuro-surgery) among the witnesses specified under the terms of the above Standing Order. Plaintiff has shown no valid reason why additional doctors should be added to the above-mentioned list of 15. The fact that plaintiff chooses on his own volition to consult with other doctors does not justify their addition to the witness list, since this would require the grant of permission to the defendant to investigate the possible testimony or fields of testimony of such witnesses so that he could specify appropriate additional defense witnesses. The reports of Dr. Raymond Stein dated 9/29, with note of 10/27, and Dr. Harold Dillon (dated October 17, 1966), which are attached to this Memorandum, and the record do not indicate that the conditions for which they treated plaintiff manifested themselves for the first time subsequent to the pre-trial conference on

9/28/66. Although the plaintiff's counsel indicates, without directly so stating, at page 2 of his Brief (Document 16) that need for emotional and nervous treatment first arose in October 1966, Dr. Dillon's report refers at pages 2 and 3 to events causing his emotional problems (anxiety neuroses) all apparently occurring at least six months prior to October 17, 1966. Also, this suit was instituted in June 1963 and no good reason has been shown why action should be taken probably resulting in a delay in the trial because one counsel has delayed his preparation until after the pre-trial conference.\* The Judicial Conference of the United States has instructed the United States District Courts to treat all cases over three years old as emergency matters to be tried as promptly as possible.

The last paragraph on page 2 of plaintiff's Brief is inaccurate in saying that the pre-trial report and order (Document 12, par. 3) did not grant defendant permission to have plaintiff examined by Dr. Irvin Stein, who had been named in defendant's pre-trial memorandum filed on June 17, 1966 (Document 10).

Counsel for defendant's letters of November 23 and December 8 have been attached to his brief, filed 10/19/66 (Document 13¾). The copies of counsel for plaintiff's letters of December 2 and December 8 (enclosing Dr. Dillon's and Dr. Stein's reports) and such counsel's letter of December 9 have been attached to plaintiff's brief (Document 16). There is attached to this Memorandum the report of Drs. Levine and Wexlar dated October 11, which also gives no hint that any condition now being claimed by the doctors named in the Amended Pre-Trial Memorandum of plaintiff arose after the pre-trial conference of September 28, 1966.

The Order granting defendant's Motion to Strike the Amended Pre-Trial Memorandum filed October 12, 1966 (attached to Document 13) is being signed today.

MEMORANDUM AND ORDER SUR MOTION FOR RE-ARGUMENT (Document 20) ON DEFENDANT'S MOTION (Document 13½) TO STRIKE PLAINTIFF'S AMENDED PRE-TRIAL MEMORANDUM (Document 13) AND SUR ANSWER TO SUCH MOTION FOR RE-ARGUMENT (Document 21)

■ Although this Motion, in its opening sentence, seeks to secure denial of defendant's Motion to Strike and the grant of plaintiff's 10/24/66 letter motion (attached to Document 15), permitting him to file his Amended Pre-Trial Memorandum, paragraphs 3 and 10 indicate that plaintiff wishes to amend his pre-trial memorandum to allege that the accident of January 23, 1963, caused an emotional condition which was first manifested after the pre-trial conference of September 28, 1966, and could not have been reasonably known before that date. If this is the situation, plaintiff should file a written Motion, specifying exactly what words he wishes to add to the claim made in his pre-trial memorandum (Document 9) and make part of the record, by affidavit or deposition of persons having personal knowledge, the information showing that such emotional condition could not have been reasonably known on September 28, 1966. The record, including the reports of recently disclosed doctors named in Document 13,

---

\* If plaintiff's requested amendment to the pre-trial memorandum was allowed, defendant would certainly be entitled to the delay which it has alternatively requested [see page 2 of its letter of 12/8/66 attached to its brief (Document 13¾), pointing out the plaintiff's discouragement with his eight-year career in the Navy] to investigate, have the plaintiff examined by a doctor who can examine into Dr. Dillon's diagnosis, and determine what additional witnesses it wishes to specify.

**352**

as it existed when the Order of December 13, 1966, granting the Motion to Strike was entered, did not support the allegations of paragraphs 3 and 10. For this reason, there is no reason to grant reargument of the Motion to Strike. However, whenever the record discloses that manifest injustice requires amendment of the pre-trial memorandum, such amendment must be made. The longer plaintiff delays in moving to amend his pre-trial memorandum claim with particularity and' in supporting allegations of counsel with statements by those having personal knowledge, the more difficult it becomes for him to show "manifest injustice."

Paragraph 12 of the Motion, alleging that negotiations are hampered by the failure of the court to permit plaintiff to produce witnesses to substantiate the present medical picture, discloses the unfortunate situation which exists in so many cases where counsel do not prepare their case and discuss settlement prior to the pre-trial conference, as required by the Standing Order of October 1958, as amended. Unless the Standing Order is enforced and settlement is thoroughly explored before and at the pre-trial conference, hours of court time and jurors' time will be wasted when serious settlement discussions begin at the time that cases are called for 'trial. If the court, arranges for settlement discussions after the pre-trial conference in other than unusual situations (no unusual situation was presented by this record as it existed on December 13, 1966, except that plaintiff's counsel had engaged in preparation of his case after, rather than before, the pre-trial conference), the requirement for such discussions prior to such conferences will not be carried out.

### ORDER

And now, January 5, 1967, the petition for re-argument filed December 20, 1966. (Document 20) is denied.